**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TERRENCE WEBB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-256 (MTT)** |
| | ) | |
| **TRANSUNION LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

On June 23, 2026, Plaintiff Terrence Webb, proceeding pro se, filed his complaint against TransUnion LLC. ECF 1. That same day, he filed a motion to proceed *in forma pauperis* ("IFP"). ECF 2. On September 3, 2026, the Court granted Webb's motion to proceed IFP but ordered Webb to amend his complaint for clarification on whether Robins Financial Credit Union is a Defendant. ECF 3. Webb filed his amended complaint on September 30, 2026. ECF 4. For the following reasons, Webb's amended complaint (ECF 4) is allowed to proceed for factual development, and it is hereby **ORDERED** that service be made on the defendant by the United States Marshall Service.

## I. DISCUSSION

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (citation modified). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court

determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[1] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Webb is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

Webb brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ECF 4 at 4. Webb has now clarified that Robins Financial Credit Union is not a Defendant. Regarding the underlying action itself, Webb alleges that TransUnion LLC "reported inaccurate information concerning the disputed Robins automobile account," and that Webb "disputed the account and provided supporting documentation." Id.

---

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

However, despite his disputes "TransUnion continued reporting approximately $20, 250 as outstanding and past due, deleted and later reinserted disputed information, and failed to reasonably reinvestigate the disputed information." Id. Because of this, Webb "suffered credit denials, housing and transportation difficulties, financial hardship, and emotional distress." Id.

Given this, Webb brings claims for failure to conduct a reasonable reinvestigation, failure to provide description of reinvestigation procedure, failure to follow reasonable procedures to assure maximum possible accuracy, and negligent and/or willful noncompliance. ECF 4-1 at 15-21. "To state a claim under § 1681e, the plaintiff must show that the agency's report contained factually inaccurate information, that the procedures it took in preparing and distributing the report weren't 'reasonable,' and that damages followed as a result." *Losch v. Nationstart Mortgage LLC*, 995 F.3d 937, 944 (11th Cir. 2021). "The elements of a claim under § 1681i—which focuses on the consumer's credit 'file' rather than his credit 'report'—are the same, except that the plaintiff needn't show that the agency prepared and distributed a report." Id. In the amended complaint, Webb alleges specific disputes, supporting documentation, reinvestigation results, continued reporting imbalances, deletion and reinsertion of information, and resulting credit-related injuries. ECF 4-1 at 15-21. Therefore, Webb's amended complaint passes frivolity review.

## II. CONCLUSION

For these reasons, Webb's amended complaint (ECF 4) is allowed to proceed for factual development, and it is hereby **ORDERED** that service be made on TransUnion LLC by the United States Marshall Service.

Webb is advised that he must serve upon opposing counsel (or TransUnion LLC if it is not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) filed with the Clerk of Court. Fed. R. Civ. P. 5(a). Webb shall include with any paper which is filed with the Clerk of Court a certificate stating the date on which a true and correct copy of that paper was mailed to TransUnion LLC or its counsel. The Clerk of Court will not serve or forward to TransUnion LLC or its counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party (Local Rule 33.1), (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34), and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

Webb is responsible for diligently prosecuting his complaint, and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. Webb is required to keep the Clerk of Court advised of his current address during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of this action.

**SO ORDERED**, this 27th day of October, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT